IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| WILLIAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-2324 |
| | ) | |
| CITY OF CHAMPAIGN, | ) | |
| Champaign Police Officers | ) | |
| MATT RUSH, Star 7114, and | ) | |
| MONTRELL COLEMAN, Star 7116, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the individual Defendant-Officers, MATT RUSH and MONTRELL COLEMAN, by and through their attorney, David E. Krchak, and as an Answer to the Complaint filed in this matter, state as follows:

## JURISDICTION

1. The Defendants admit the allegations contained in paragraph 1.

2. The Defendants admit the allegations contained in paragraph 2.

3. The Defendants admit the allegations contained in paragraph 3.

## PARTIES

4. The Defendants admit the allegations contained in paragraph 4.

5. The Defendants admit that Officers Rush and Coleman were duly appointed and sworn Champaign police officers at the relevant time and were acting in the course and scope of their employment and under color of state law.

6. The Defendants admit the allegations contained in paragraph 6.

7. The Defendant, CITY OF CHAMPAIGN, has filed a Motion to Dismiss in this matter. The individual Defendants make no response to this paragraph.

## FACTS

8. The Defendants admit the allegations contained in paragraph 8.

9. The Defendants admit the allegations contained in paragraph 9.

10. The Defendants admit the allegations contained in paragraph 10.

11. The Defendants admit the allegations contained in paragraph 11.

12. Defendant Rush admits that he began to chase Plaintiff and yelled at him to stop after Plaintiff was starting to run away.

13. Both Defendants deny the allegations contained in paragraph 13.

14. Defendant Coleman denies that Plaintiff had voluntarily laid on the ground. Defendant Coleman denies that he jumped on top of Plaintiff. Defendant Coleman admits he utilized a "cross-face maneuver" in an attempt to subdue Plaintiff.

15. Defendant Rush agrees that he handcuffed Plaintiff after Plaintiff cooperated.

16. Defendant Rush admits that he punched Plaintiff twice prior to Plaintiff surrendering to custody.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants neither admit nor deny the allegations contained in paragraph 19 as they lack sufficient information to form a belief regarding this allegation.

20. The Defendants admit that Plaintiff was taken to Carle Hospital. Defendants neither admit nor deny that the purpose of taking Plaintiff to Carle was to receive treatment for injuries as they lack sufficient information to know if Plaintiff sustained any injuries at that time.

21. The Defendants admit that Plaintiff was charged with resisting arrest. Defendants deny that the charges were drafted to justify any action on the Defendants' parts.

22. The Defendants admit that the State's Attorney's Office dismissed the charge for resisting arrest. The State's Attorney went forward with charges of driving under suspended license and leaving the scene of a property damage accident.

23. The Defendants deny each and every allegation contained in paragraph 23.

24. The Defendants deny each and every allegation contained in paragraph 24.

## COUNT I
### (42 U.S.C. §1983 – Excessive Force)

25. The Defendants provide the same responses to paragraphs 1-24 as provided above.

26. The Defendants deny the allegation contained in paragraph 26.

WHEREFORE, Defendants pray that Count I be dismissed as to each of them with prejudice and for costs.

## COUNT II
### (42 U.S.C. §1983 – Failure to Intervene)

27. Defendants supply the same responses to paragraphs 1-25 as stated above.

28. The Defendants deny each and every allegation contained in paragraph 28.

29. The Defendants deny each and every allegation contained in paragraph 29.

WHEREFORE, Defendants pray that Count II against them be dismissed and for costs.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

30-32. Defendant Officers make no response to Count III as none of the allegations are made against them.

## **AFFIRMATIVE DEFENSES**

1. These Defendants are each entitled to qualified immunity and any action taken by them during the process of arresting Plaintiff as alleged in the Complaint was objectively reasonable in light of the facts in front of them and, therefore, neither of the Defendant officers are liable.

2. In the exercise of their duties, the Defendants have immunity from prosecution under Section 2-202 of the Tort Immunity Act. 45 ILCS 10/2-202. These immunities protect them from the common law state action of battery.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff.

                                Respectfully submitted,

                                MATT RUSH and MONTRELL COLEMAN

                                BY:   THOMAS, MAMER & HAUGHEY, LLP

BY:   s/ David E. Krchak
                David E. Krchak, Bar No. 3127316
                THOMAS, MAMER & HAUGHEY, LLP
                30 Main St., Suite 500
                P.O. Box 560
                Champaign, IL  61824-0560
                Phone: (217) 351-1500
                Fax:   (217) 351-2169
                krchak@tmh-law.com

## CERTIFICATE OF SERVICE

  I hereby certify that on February 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Louis J. Meyer and Daniel P. Kiss.

              s/ David E. Krchak
              _____
              David E. Krchak, Bar No. 3127316
              THOMAS, MAMER & HAUGHEY, LLP
              30 Main St., Suite 500
              P.O. Box 560
              Champaign, IL  61824-0560
              Phone: (217) 351-1500
              Fax:    (217) 351-2169
              krchak@tmh-law.com