**E-FILED**
Monday, 23 February, 2015 11:39:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BROWN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHAMPAIGN, <br> Champaign Police Officers <br> MATT RUSH, Star 7114, and <br> MONTRELL COLEMAN, Star 7116, <br><br> Defendants. | No. 14-2324 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS**

Plaintiff Williams Brown, through counsel, MEYER & KISS, LLC, responds to the Defendants' motion to dismiss as follows.

**I.     Introduction**

This case arises from the use of excessive force by two Champaign police officers during the arrest of Plaintiff.

In this lawsuit, Plaintiff has brought claims for excessive force and failure to intervene in the use of excessive force. Additionally, Plaintiff has included an indemnification claim to indemnify the Defendant-Officers for any judgment entered against them. Presently before the court is Defendants' motion to dismiss Plaintiff's indemnification claim. Their motion has no merit whatsoever and should be denied.

**II.     Plaintiff's Indemnification Claim is Not Time Barred**

In arguing that Plaintiff's claim against the City of Champaign is time barred, Defendants mistakenly assume that Plaintiff is bringing a substantive state law claim against the City of Champaign. Plaintiff is not, however, pursuing a substantive state law claim against the City of Champaign. Rather, Plaintiff has included the City of Champaign in his law suit only to indemnify any judgments entered against the individual Defendant-Officers for the § 1983 claims brought against them. (See Plaintiff's Complaint, Count III). Notably, § 1983 claims

arising in Illinois are governed by a two-year statute of limitations. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011); *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). It is the state law claims that are governed by the one-year statute of limitations. 745 Ill. Comp. Stat. 10/8-101(a).

The City of Champaign's obligation to indemnify the individual Defendant-Officers for actions taken in their capacity as City of Champaign police officers stems from 745 ILCS 10/9-102, which provides that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages ... for which it or an employee while acting within the scope of his employment is liable. ..."[2] See *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497, 516, 787 N.E.2d 127, 138 (Ill. 2003). Claims for statutory indemnification under § 9-102 are subject to a one-year statute of limitations pursuant to 745 ILCS 10/8-101. This includes indemnification for § 1983 official capacity judgments. See *Williams v. City of Chi.*, 11 C 1105, 2014 WL 3787422, at *6 (N.D. Ill. July 30, 2014) (applying § 8-101 to an indemnity claim against the city for § 1983 judgments against city employees); *Nixon v. Lake Cnty. Metro. Enforcement Grp. Agents*, 10 C 1382, 2012 WL 74755, at *2 (N.D. Ill. Jan. 10, 2012) (same); *Loza v. City of Chi.*, 9 C 2474, 2009 WL 3125542, at *1 (N.D. Ill. Sept. 25, 2009) (same). Therefore, we find that the § 8-101 statute of limitations applies to Esparza's indemnification claim, not the § 1983 period.

Importantly, the statute of limitations on indemnity claims under § 8-101 does not begin to accrue *until judgment* is entered against the employee. *Williams*, 2014 WL 3787422, at *6; *Nixon*, 2012 WL 74755, at *2; *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 776 F. Supp. 2d 670, 709 (N.D. Ill. 2011); *Loza*, 2009 WL 3125542 at *1; see *Wilson v. City of Chi.*, 120 F.3d 681, 685 (7th Cir. 1997) (finding a plaintiff does not need to wait until he wins a judgment against the city before bringing a § 9-102 claim). Thus, plaintiffs who succeed on § 1983 claims have up to one-year after judgment is entered to file a claim for indemnification against the local public entity. Since Plaintiff's substantive claims against the individual Defendant-Officers are still pending, the statute of limitations on his indemnification claim against the City of Champaign has not even started to run. Accordingly, Plaintiff's claim against the City of Champaign is not timed barred.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order denying Defendants' motion to dismiss the indemnification claim against the City of Champaign.

Respectfully submitted,

*/s/ Louis J. Meyer*
Counsel for Plaintiff

Louis J. Meyer
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, Illinois 61614
309.713.3751
louismeyer@meyerkiss.com

## CERTIFICATE OF SERVICE

  I, Louis J. Meyer, certify that on February 23, 2015, Plaintiff's Response to Defendants; Motion to Dismiss was filed through the District Court's CM/ECF automated docketing system thereby causing service upon all counsel of record.


                 */s/ Louis J. Meyer*
                 Counsel for the Plaintiff


Louis J. Meyer
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, Illinois 61614
309.713.3751
louismeyer@meyerkiss.com