E-FILED
Wednesday, 08 April, 2015  04:27:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 14-2324 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHAMPAIGN, and | ) | |
| Police Officers MATT RUSH | ) | |
| and MONTRELL COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff, William Brown, filed his complaint against the defendants on December 23, 2014.  He alleges three claims: Section 1983 claims of excessive force and failure to intervene against defendant police officers Rush and Coleman, and a state law claim of indemnification against the City of Champaign pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq*.

The City has filed a motion to dismiss the claim for indemnification, arguing that the complaint alleges wrongdoing on June 2, 2013.  The section of the Illinois statute under which Brown proceeds in Count III (745 ILCS 10/9-102) imposes a one-year statute of limitation.  *See* 745 ILCS 10/8-101.  Because Brown did not file his lawsuit until about eighteen months after the alleged excessive force and failure to intervene (which are timely under 42 U.S.C. § 1983), the City argues that Count III must be dismissed because it was not filed within the one-year period.  The City cites the statute, as well as *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), for the proposition that the state statute of limitations governs on Count III.

The pertinent parts of the Illinois law are as follows:

*§ 9-102.  A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.*

*§ 8-101. Limitation.*

*(a) No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.*

1

When does a cause of action for indemnification accrue?  Brown responds that the claim does not accrue until judgment is entered against the employee.  In *Adukia v. Finney*, 735 N.E.2d 174 (Ill. App. Ct. 2000), the court addressed the limitation period in § 8-101 as it relates to contribution.  "Where the cause of action accrues on some date after the injury was received, for example, where a contribution action does not accrue until an underlying complaint is filed, the statute of limitations in section 8-101 does not begin to run until the cause of action accrues."  *Adukia*, 735 N.E.2d at 177.  "A cause of action [for indemnification] under section 9-102 does not arise until a judgment has been entered against one of [the City's] employees."  *Rosentreter v. Munding*, 736 F. Supp. 165, 171 (N.D. Ill. 1990).  Although in *Rosentreter* the court held that an indemnification claim is premature and inapplicable before judgment is rendered in an underlying Section 1983 claim, the court in *Brown v. King*, 767 N.E.2d 357, 362 (Ill. App. Ct. 2001), disagreed:  "[T]he fact that there is not yet a judgment against a local governmental employee that an employer could be ordered to pay does not prevent a plaintiff from maintaining a section 9-102 claim against the employer."  *Brown*, 767 N.E.2d at 362.

In this case, the City argues that the indemnification claim based on § 9-102 is time-barred.  The case law indicates that it is not yet ripe, but the plaintiff is not prevented from including his premature claim against the City along with his timely claims against the police officers.  The City has failed to direct the court's attention to *any* cases supporting its interpretation of timeliness on an indemnification claim.

Consequently, the motion to dismiss Count III [7] is denied.  The City shall file an answer to Count III within fourteen days of the date of this order.

Entered this 8th day of April, 2015.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE