IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| WILLIAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-2324 |
| | ) | |
| CITY OF CHAMPAIGN, | ) | |
| Champaign Police Officers | ) | |
| MATT RUSH, Star 7114, and | ) | |
| MONTRELL COLEMAN, Star 7116, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSE

NOW COMES the CITY OF CHAMPAIGN, by its attorney, David E. Krchak, and as an Answer to Count III of the Complaint filed in this matter, states as follows:

### JURISDICTION

1. The Defendant admits the allegations contained in paragraph 1.

2. The Defendant admits the allegations contained in paragraph 2.

3. The Defendant admits the allegations contained in paragraph 3.

### PARTIES

4. The Defendant admits the allegations contained in paragraph 4.

5. The Defendant, CITY OF CHAMPAIGN, admits that Officers Rush and Coleman were duly appointed and sworn Champaign police officers at the relevant time and were acting in the course and scope of their employment and under state law.

6. The Defendant admits the allegations contained in paragraph 6.

7. The Defendant admits the allegations contained in paragraph 7.

## FACTS

8. The Defendant admits the allegations contained in paragraph 8.

9. The Defendant admits the allegations contained in paragraph 9.

10. The Defendant admits the allegations contained in paragraph 10.

11. The Defendant admits the allegations contained in paragraph 11.

12. The Defendant admits that Officer Rush began to chase Plaintiff and yelled at him to stop after Plaintiff started to run away. Defendant denies that Officer Coleman began to chase Plaintiff.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies that Plaintiff was compliant and had voluntarily laid on the ground. The Defendant denies that Officer Coleman jumped on top of Plaintiff and smashed Plaintiff's face. Defendant admits Officer Coleman used a "cross-face maneuver" in an attempt to subdue Plaintiff.

15. Defendant admits that Officer Rush eventually handcuffed Plaintiff after Plaintiff cooperated.

16. Defendant admits that Officer Rush punched Plaintiff twice prior to Plaintiff surrendering to custody.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant neither admits nor denies the allegations contained in paragraph 19 as it lacks sufficient information to form a belief regarding this allegation.

20. The Defendant admits that Plaintiff was taken to Carle Hospital. Defendant neither admits nor denies that the purpose of taking Plaintiff to Carle was to receive treatment for injuries as it lacks sufficient information to know if Plaintiff sustained any injuries at that time.

21. The Defendant admits that Plaintiff was charged with resisting arrest. Defendant denies that the charges were drafted by Officer Rush or Officer Coleman to justify any of their actions. Defendant states that in addition to being charged with resisting arrest, Defendant was charged with driving under a suspended driver's license and leaving the scene of a vehicular accident with property damage.

22. The Defendant admits that on October 8, 2013, the charge for resisting arrest was dismissed in exchange for a plea of guilty to driving while under suspended license.

23. The Defendant denies each and every allegation contained in paragraph 23.

24. The Defendant denies each and every allegation contained in paragraph 24.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

30. The Defendant, CITY OF CHAMPAIGN, denies the allegations contained in paragraph 30.

31. The Defendant admits that the rendition of the portion of the Illinois Tort Immunity Act is accurate.

32. Defendant admits that the Plaintiff has asked for an order for Defendant to indemnify the Defendant officers for any judgment for compensatory damages.

## AFFIRMATIVE DEFENSES

1. Individual Defendants are entitled to qualified immunity. Any action taken by them during the process of arresting Plaintiff as alleged in the Complaint was objectively reasonable in light of the facts in front of them and, therefore, neither of the individual Defendant officers are

liable. In order for the Defendant, CITY OF CHAMPAIGN, to be liable for indemnification, liability on the part of the individual Defendants must be proven.

2. Individual Defendants have immunity from prosecution under Section 2-202 of the Tort Immunity Act. 45 ILCS 10/2-202. Since these immunities protect the individual Defendants from the common law state action of battery, the City cannot be liable under a theory of indemnification.

WHEREFORE, Defendant, CITY OF CHAMPAIGN, prays that judgment be entered in its favor and against the Plaintiff.

> Respectfully submitted,
>
> CITY OF CHAMPAIGN
>
> BY: THOMAS, MAMER & HAUGHEY, LLP
>
> BY: s/ David E. Krchak
> _____
> David E. Krchak, Bar No. 3127316
> THOMAS, MAMER & HAUGHEY, LLP
> 30 Main St., Suite 500
> P.O. Box 560
> Champaign, IL 61824-0560
> Phone: (217) 351-1500
> Fax:    (217) 351-2169
> krchak@tmh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Louis J. Meyer and Daniel P. Kiss.

s/ David E. Krchak

David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL 61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com